

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *(973) 645-2700*
*Newark, New Jersey  07102*

October 18, 2019

Bijan S. Parwaresch, Esq.
407 Lincoln Rd #12e
Miami Beach, FL 33139

        Re:  Plea Agreement with GIGI KNOWLE

Dear Mr. Parwaresch:

    This letter sets forth the plea agreement between your client, GIGI KNOWLE, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire if an executed copy is not received by this Office by 5 p.m. on November 8, 2019.

Charges

    Conditioned on the understandings specified below, and subject to the approval of the Tax Division of the United States Department of Justice, this Office will accept a guilty plea from GIGI KNOWLE to a one count Information that charges him with filing a false tax return, in violation of 26 U.S.C. § 7206(1). If GIGI KNOWLE enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against GIGI KNOWLE for subscribing to false tax returns for tax year 2015, inclusive, which returns omitted income GIGI KNOWLE received from secret kickback payments made to him in tax year 2015.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, GIGI KNOWLE agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by GIGI KNOWLE may be commenced against him, notwithstanding the expiration of the limitations period after GIGI KNOWLE signs the agreement.

Sentencing

The violation of 26 U.S.C. § 7206(1) to which GIGI KNOWLE agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine of $250,000, together with the costs of prosecution. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon GIGI KNOWLE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence GIGI KNOWLE ultimately will receive.

Further, in addition to imposing any other penalty on GIGI KNOWLE, the sentencing judge: (1) will order GIGI KNOWLE to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order GIGI KNOWLE to pay restitution pursuant to 18 U.S.C. § 3663A(a)(3); (3) may order GIGI KNOWLE to pay the costs of prosecution; and (4) pursuant to 18 U.S.C. § 3583, may require GIGI KNOWLE to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should GIGI KNOWLE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GIGI KNOWLE may be sentenced to not more than 1 year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663A(a)(3), GIGI KNOWLE agrees to pay restitution in the amount of $175,486 to the Internal Revenue Service ("IRS") for all losses resulting from the offense of conviction. GIGI KNOWLE understands and agrees that the amount of such full restitution does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

GIGI KNOWLE agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, GIGI KNOWLE agrees that the schedule of payments is a schedule of the minimum

- 2 -

payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). GIGI KNOWLE does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor GIGI KNOWLE's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

GIGI KNOWLE is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. GIGI KNOWLE understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise GIGI KNOWLE's obligation to pay any remaining civil tax liability. GIGI KNOWLE authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

If full payment cannot be made immediately, GIGI KNOWLE agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

The restitution amount shall be paid according to a payment plan established by the Court. If the Court orders GIGI KNOWLE to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). GIGI KNOWLE does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor GIGI KNOWLE's timely payment of restitution, according to that schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on GIGI KNOWLE by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GIGI KNOWLE's activities and relevant conduct with respect to this case.

Stipulations

This Office and GIGI KNOWLE agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or GIGI KNOWLE from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and GIGI KNOWLE waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

GIGI KNOWLE understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to

immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. GIGI KNOWLE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GIGI KNOWLE wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. GIGI KNOWLE understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, GIGI KNOWLE waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Form 2504-S

Prior to the date of sentencing, GIGI KNOWLE shall: (1) sign and enter into Forms 2504-S, Agreements to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing IRS Forms 941, for quarterly returns for the periods ending March 31, 2010 through March 31, 2017; (2) provide all appropriate documentation to the IRS in support of such Forms 2504-S, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, GIGI KNOWLE agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by GIGI KNOWLE. With respect to disclosure of the criminal file to the IRS, GIGI KNOWLE waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to GIGI KNOWLE's tax returns and return information.

Furthermore, GIGI KNOWLE agrees not to file any claims for refund of taxes, penalties, and interest for quarterly returns for the periods ending March 31, 2010 through March 31, 2017 or for any other amounts paid in accordance with this agreement. GIGI KNOWLE agrees that the provisions set forth in this agreement concerning his tax obligations of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

- 5 -

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GIGI KNOWLE. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against GIGI KNOWLE.

No provision of this agreement shall preclude GIGI KNOWLE from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that GIGI KNOWLE received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between GIGI KNOWLE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Attorney for the United States

By:    DARA GOVAN
       ZACH INTRATER
Assistant U.S. Attorneys

APPROVED:

DANIEL V. SHAPIRO
Chief, Economic Crimes Unit

I have received this letter from my attorney, Bijan S. Parwaresch. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____                    Date: OCT. 31 2019 .
GIGI KNOWLE



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date: 10/31/19
Bijan S. Parwaresch, Esq.

- 7 -

Plea Agreement with GIGI KNOWLE

Schedule A

1. This Office and GIGI KNOWLE recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and GIGI KNOWLE nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence GIGI KNOWLE within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and GIGI KNOWLE further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016, applies in this case.

3. The parties agree that the applicable Guideline is U.S.S.G. § 2T1.1. This Guideline carries an offense level corresponding to the amount of tax loss from the tax loss table in U.S.S.G. § 2T4.1. The tax loss attributable to GIGI KNOWLE's course of conduct was more than $100,000, but less than $250,000. This results in a Base Offense Level of 16. See U.S.S.G. §§ 2T1.1(a)(1); 2T4.1(H).

4. Specific Offense Characteristic § 2T1.1(b)(2) applies because the offense involved sophisticated means. This results in an increase of 2 levels.

5. The total Guidelines offense level is therefore 18.

6. As of the date of this letter, GIGI KNOWLE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if GIGI KNOWLE's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, GIGI KNOWLE has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in GIGI KNOWLE's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) GIGI KNOWLE enters a plea pursuant to this agreement, (b) this Office in its discretion determines that GIGI KNOWLE's acceptance of responsibility has continued through the date of sentencing and GIGI KNOWLE therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) GIGI

KNOWLE's offense level under the Guidelines prior to the operation of
§ 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total
Guidelines offense level applicable to GIGI KNOWLE is 15 (the "agreed total
Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward
departure, adjustment, or variance not set forth herein. The parties further
agree that a sentence within the Guidelines range that results from the agreed
total Guidelines offense level is reasonable.

10. GIGI KNOWLE knows that he has and, except as noted below in this
paragraph or elsewhere in this agreement, voluntarily waives, the right to file
any appeal, any collateral attack, or any other writ or motion, including but not
limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C.
§ 2255, which challenges the sentence imposed by the sentencing court if that
sentence falls within or below the Guidelines range that results from the agreed
total Guidelines offense level of 15. This Office will not file any appeal, motion,
or writ which challenges the sentence imposed by the sentencing court if that
sentence falls within or above the Guidelines range that results from the agreed
total Guidelines offense level of 15. The parties reserve any right they may have
under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the
criminal history category. The provisions of this paragraph are binding on the
parties even if the Court employs a Guidelines analysis different from that
stipulated to herein. Furthermore, if the sentencing court accepts a stipulation,
both parties waive the right to file an appeal, collateral attack, writ, or motion
claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any
appeal, collateral attack, writ, or motion barred by the preceding paragraph
and to file or to oppose any appeal, collateral attack, writ, or motion not barred
by the preceding paragraph.